USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LINA IRIS VIKTOR,

                              Plaintiff,

-v-

TOP DAWG ENTERTAINMENT LLC, INTERSCOPE
RECORDS, DAVE MEYERS, FREENJOY, INC., BUF,
INC., KENDRICK LAMAR A/K/A KENDRICK
LAMAR DUCKWORTH, SOLANA IMANI ROWE
A/K/A SZA, UNIVERSAL MUSIC RECORDINGS,
INC. A/KA/ UMG RECORDINGS, INC., JOHN DOES
1–8, and DAVE FREE,

                              Defendants.

18 Civ. 1554 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       This case involves copyright claims brought by Lina Iris Viktor, a visual artist, against those involved with the creation of the music video (the "Video") for *All the Stars* (the "Single") by Kendrick Lamar Duckworth p/k/a Kendrick Lamar and Solana Imani Rowe p/k/a SZA, released as part of an album *Black Panther: The Album (Music From And Inspired By)* (the "Album"). Dkt. 30 ("Am. Compl."). Viktor alleges that a 19-second part of the Video infringes on her artwork by displaying, without a license, distinctive paintings of Viktor's, which are based on ancient Egyptian and African symbolism and feature gold leaf and black paint. Apparently ineligible for statutory damages on account of the lack of registration of her works as of the time of the alleged infringement, Viktor seeks actual damages and indirect profits under the Copyright Act, 17 U.S.C. §§ 101 et seq. As relevant here, these include damages to her reputation, and a portion of the profits received by defendants from the recording of the Single either alone or as a part of the Album. Defendants deny Viktor's claims.

Defendants have moved, early in the discovery process, for partial summary judgment to bar Viktor from recovering (1) any profits defendants received from the Single or the Album, and (2) any damages Viktor may have sustained to the integrity of her work and her reputation as an artist. Dkt. 94 ("Def. Mem."). For the following reasons, the Court denies the motion as premature as to both claims, without prejudice to defendants' right to make a similar challenge to Viktor's claims for indirect profits and reputational damages after the close of discovery.

## I.     Damages Based on Defendants' Profits

Section 504(b) of the Copyright Act entitles a copyright owner to recover "any profits of the infringer that are attributable to the infringement." 17 U.S.C. 504(b). The statute places the burden on the copyright owner to "present proof only of the infringer's gross revenue," and then shifts the burden to the infringer "to prove . . . the elements of profit attributable to factors other than the copyrighted work." *Id.* Significant here, before the burden shifts to the infringer, a plaintiff must first demonstrate a causal relationship between the infringement and the defendants' revenues. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001).

Defendants argue that Viktor is not entitled to any profits generated by the Single or Album. Defendants argue that no non-speculative evidence could possibly be mustered that would demonstrate a causal nexus between defendants' profits and defendants' alleged infringing use of Viktor's artwork in the video. In support, defendants cite two cases as precluding such relief: the Ninth Circuit's decision in *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002), *see* Def. Mem. at 17–18; *see also* Dkt. 101 ("Def. Reply") at 3–4, and an unreported decision from this District in *Complex Systems, Inc. v. ABN Ambro Bank N.V.*, No. 08 Civ. 7497 (KBF), 2013 WL 5970065 (S.D.N.Y. Nov. 8, 2013); *see also* Def. Reply at 4–5, that relied heavily on the reasoning in *Mackie*.

The Court is unpersuaded that this authority counsels entry now of the relief defendants seek, centrally because neither of these cases involved a bid to preempt a profits-based damages claim prior to discovery. Rather, in each case, the decision to preclude such damages was made after the close of fact discovery and drew on the record built in discovery. *See Mackie*, 296 F.3d at 913 (granting defense motion for partial summary judgment "[f]ollowing discovery"); *Complex Systems*, 2013 WL 5970065, at *1 (granting defense motion *in limine*). An examination of *Mackie* and *Complex Systems* underscores the fact-intensive nature of those decisions and potentially relevant factual distinctions between those cases and this one.

In *Mackie*, a symphony admitted to infringing the work of an artist, Mackie, by using the work in its promotional campaign. 296 F.3d at 912. Like Viktor here, Mackie had not registered his work at the time of infringement, consequently could not pursue statutory damages, and pursued instead indirect profits and actual damages. *Id.* at 911. The infringed artwork was a series of public sculptures. *Id.* at 912. The symphony had incorporated photos of this public installation into a montage on a single page of the symphony's brochure, which was designed to procure direct-mail subscriptions for a specific series. *Id.* Following discovery, including declarations of and deposition testimony by Mackie's damages expert, *id.* at 913, the district court granted partial summary judgment to the defense on Mackie's demand for indirect profits, *id.* The court found that Mackie had "failed to establish a direct link between the infringing use and the [specific series'] revenue." *Id.*

The Ninth Circuit upheld the grant of partial summary judgment. It held that "to survive summary judgment on a demand for indirect profits pursuant to § 504(b), a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement." *Id.* at 915–16.

3

Reviewing the record, including successive declarations of and testimony by Mackie's damages expert, the Ninth Circuit found that Mackie "failed to adduce any non-speculative evidence that would even suggest a link between the infringement and the Symphony's supposedly enhanced revenues." *Id.* at 911. Drawing on plaintiff's expert submissions, the Ninth Circuit noted that it could "surmise virtually endless permutations to account for an individual's decision to subscribe to the Pops series, reasons that have nothing to do with the artwork in question." *Id.* at 916 (including potential such reasons as "the Symphony's reputation, or the conductor, or a specific musician, or the dates of the concerts, or the new symphony hall, or the program, or the featured composers, or community boosterism, or simply a love of music"). Mackie had failed to come forward with "concrete evidence" supporting the theory of profit-causation, and his theory was therefore "no less speculative than our effort in this paragraph to enumerate even a relatively short list of the myriad factors that could influence an individual's purchasing decisions." *Id.* Based on the record adduced in discovery, the Ninth Circuit held that Mackie's bid to establish a causal connection between the use of the photograph of his public work in a montage that made up "but one page in a multi-page brochure that advertised a series of concerts that were unrelated to the artwork itself" and the profits from that series itself was so "attenuated" that it required impermissible "[r]ank speculation." *Id.*

As for *Complex Systems*, that case involved the infringement of a copyrighted software application by a company using the software without a license. *See Complex Systems*, 2013 WL 5970065, at *1. The software application worked by processing letters of credit and guarantees, and the infringing company used the software as part of its work in the "trade finance business." *Id.* at *11. Judge Forrest found infringement. *Id.* at *1. However, she granted a motion *in limine* to preclude evidence of indirect damages at trial. *Id.* Based on a searching review of the

4

evidence adduced in discovery, she held that Complex Systems, the copyright holder, had "failed to establish a sufficient causal nexus between the infringement and [the infringer's] revenues." *Id.* This evidence included six reports by the Complex Systems' two experts. *Id.* at *5. Significantly, one of the Complex Systems' own experts attested that there were at least five or six software companies whose products had provided similar functionality to the infringed software product; the expert could not say that use of a competing software product would have lowered the infringing company's revenues at all. *Id.* at *11. Further, the copyright holder's infringed software was just one part of a much larger suite of software used by the infringing company, which also deployed "other technologies [and] skilled sales and trade finance personnel." *Id.* at *12. On the factual record developed, Judge Forrest held that the copyright holder had failed to adduce evidence sufficient to establish the causal relationship required by law. *Id.* at *14.

As the foregoing summaries underscore, the courts in both *Mackie* and *Complex Systems* entered judgment for defendants on the issue of a causal nexus only after close review of a fully developed factual record. These precedents commend a similar approach here, as opposed to granting summary judgment at the discovery threshold. The Court appreciates the possibility, as defendants forecast, that, like Mackie and Complex Systems, Viktor ultimately will prove unable to demonstrate non-speculatively the required nexus between defendants' alleged infringement and their profits. But, without discovery, including expert discovery, it is premature to so assume.

Reinforcing the decision not to grant early summary judgment are factual distinctions, which may or may not prove consequential, between this case and the precedents on which defendants rely. *Mackie* involved an infringing image in a collage on one page of an advertising

brochure and a damages claim by the aggrieved plaintiff for a share of profits of the symphony series that was the subject of the brochure. In contrast, this case involves the alleged infringement of a visual work in the promotional music video for a song and a damages claim for a share of the profits from that song. It is possible that discovery in this case may permit the finder of fact to find a less attenuated causal nexus between the act of alleged infringement and the receipt of profits than in *Mackie*. Discovery here may similarly reveal a tighter factual nexus between the infringing act and the receipt of profits than in *Complex Systems*. There, as Judge Forrest noted, a range of factors contributed to the profitability of the defendant financial firm. In addition, *Complex Systems* involved a substantial issue whether alternative software to the infringed software would have worked just as well. At the same time, it is possible that discovery will demonstrate as many, or more, obstacles in this case to reliably finding a causal nexus to the defendant's profitability than in *Mackie* and *Complex Systems*. In light of these unknowns, a challenge by the defense to this claim for damages is properly resolved on a motion for partial summary judgment following the development of a full factual record.

## II.     Reputational Damages

The Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, creates a "right[] [of] integrity" that allows an artist to prevent any distortion of a work "which would be prejudicial to his or her honor or reputation." *Id.* The parties, however, agree that VARA does not apply here. *See* Def. Mem. at 20; Pl. Mem. at 23. The Copyright Act, which does apply, does not by its explicit terms provide for reputational damages. Viktor offers limited authority for the theory that, if she is able to offer non-speculative evidence that her infringed works have been reputationally diminished, she will be able to recover actual damages for these injuries. *See Pavlica v. Behr*, Nos. 03 Civ. 9628 (DC) & 04 Civ. 8152 (DC), 2006 WL 1596763, at *8

(S.D.N.Y. June 12, 2006) ("Though it is unclear whether a plaintiff in a copyright case may recover damages for damage to reputation, the cases do recognize the viability of a similar claim of loss of goodwill.") (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1547 (10th Cir. 1996)).

The Court's judgment here, too, is to defer addressing this question until a full factual record has been developed in discovery. The question presented on defendants' pre-discovery motion for partial summary judgment is entirely abstract. A full record may crystallize the precise nature of the harm, if any, that Viktor claims an ability to establish factually. This precision in turn will enable a more focused legal inquiry. It may also avoid the need for the Court to resolve an issue that may never become ripe. In *Pavlica*, Judge Chin stated that "[a]s a theoretical matter, plaintiff may be able to establish such an injury" to reputation, but emphasized that evidence of reputational damage could not be speculative or duplicative. *Id.* It remains to be seen whether Viktor can make any such showing.

## CONCLUSION

For the reasons above, the Court denies defendants' motion for partial summary judgment. This ruling is without prejudice to defendants' right to make similar motions after the close of discovery. The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 93.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 24, 2018
       New York, New York